**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ANGELA D. SINK**                                                                  **PLAINTIFF**

**v.**                                 **No. 4:15–CV–55-JLH–BD**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                       **DEFENDANT**

## Recommended Disposition

### Instructions

The following recommended disposition will be sent to U.S. District Judge J.

Leon Holmes.  A party to this dispute may file written objections to this

recommendation.  An objection must be specific and state the factual and/or legal basis

for the objection.  An objection to a factual finding must identify the finding and the

evidence supporting the objection.  Objections must be filed with the clerk of the court

no later than 14 days from the date of this recommendation.[1]  The objecting party must

serve the opposing party with a copy of an objection.  Failing to object within 14 days

waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Holmes

may adopt the recommended disposition without independently reviewing all of the

record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections
waives right to de novo review and to appeal magistrate judge's findings of fact).

### Reasoning for Recommended Disposition

Angela Dawn Sink seeks judicial review of the denial of her application for social security disability benefits.[3]  Ms. Sink last worked in September 2010, managing a convenience store.[4]  When her unemployment benefits ceased, she applied for disability benefits.[5]  She based disability on knee and back pain, left-arm numbness and pain, and asthma.[6]  She claims she has been disabled since she stopped working.

**The Commissioner's decision**.  After considering the application, the Commissioner's ALJ identified obesity and left-knee degenerative joint disease, status post debridement, as severe impairments,[7] but determined that Ms. Sink could do some sedentary work, including her past work as a telephone collector.[8]  Because a person who can do her past work is not disabled under social security law,[9] the ALJ denied the application.

---

[3]SSA record at pp. 147 & 154 (applying on May 16, 2012 and alleging disability since Sept. 15, 2010).

[4]*Id*. at pp. 185, 192 & 226.

[5]*Id*. at p. 164 (reflecting unemployment benefits through first quarter 2010).

[6]*Id*. at p. 184.

[7]*Id*. at p. 18.

[8]*Id*. at pp. 19-23.

[9]20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4) ("If you can still do your past relevant work, we will find that you are not disabled.").

After the Commissioner's Appeals Council denied a request for review,[10] the decision became a final decision for judicial review.[11]  Ms. Sink filed this case to challenge the decision.[12]  In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[13] This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Ms. Sink's allegations**.  Ms. Sink challenges the determination that she could perform her past work.  She says the ALJ failed to identify of all her severe impairments.  She argues that pain, numbness, and tingling in her left, dominant arm is a severe impairment that prevents her from working.  She also argues she cannot work because she must elevate her legs.  Ms. Sink complains about the development of the

---

[10]SSA record at p. 1.

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12]Docket entry # 1.

[13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

record; she says the ALJ should have asked the consultative examiners for medical

source statements and obtained their radiology reports.  She challenges the evaluation

of her credibility.  According to Ms. Sink, the ALJ discounted her allegations based on a

selective reading of the evidence.  For these reasons, she maintains substantial evidence

does not support the ALJ's decision.[14]

      **Applicable legal principles**.  For substantial evidence to support the decision, a

reasonable mind must accept the evidence as adequate to show Ms. Sink could do some

sedentary work, including her past work.  Sedentary work "involves lifting no more

than 10 pounds at a time and occasionally lifting or carrying articles like docket files,

ledgers, and small tools."[15]  Sedentary work "represents a significantly restricted range

of work.  Individuals who are limited to no more than sedentary work by their medical

impairments have very serious functional limitations."[16]

      The ALJ added limitations reducing sedentary work:  (1) occasional lifting/

carrying ten pounds, (2) frequent lifting/carrying less than ten pounds, (3) standing/

walking for two hours per day, (4) sitting for six hours per day, (5) occasional balancing,

---

[14]Docket entry # 11.

[15]20 C.F.R. §§ 404.1567(a) & 416.967(a).

[16]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work.*

stooping, kneeling, crouching, crawling, and climbing ramps/stairs, and (6) no climbing ladders/ropes.  For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to show Ms. Sink can work within these parameters.

**Evidence about the left knee establishes no serious functional limitation preventing sedentary work**.  Ms. Sink's most significant impairment is degenerative changes in the left knee. In March 2010, she underwent arthroscopic debridement.[17]  Her surgeon urged her to lose weight and stop smoking.[18]  The surgeon predicted knee replacement in the future.[19]

An agency orthopedist examined Ms. Sink in May 2012.[20]  The agency examiner predicted the left knee will get worse.[21]  According to the examiner, Ms. Sink should lose weight, seek medical treatment, and when she can no longer stand the pain, consider knee replacement.  Until then, the examiner thought Ms. Sink could do light work requiring a mix of sitting and standing, but no excessive walking or stair climbing.[22]  Sedentary work requires mostly sitting.

---

[17]SSA record at p. 288.

[18]*Id*. at 250.

[19]*Id*.

[20]*Id*. at p. 305.

[21]*Id*. at p. 306.

[22]*Id*.

Case 4:15-cv-00055-JLH   Document 14   Filed 07/29/15   Page 6 of 10


Ms. Sink claims knee pain forces her to elevate her legs throughout the day; but she sought no treatment for knee pain until July 2012, when she sprained her ankle.[23] Diagnostic imaging of the left knee showed degenerative changes.[24]  The lack of treatment suggests no disabling pain or limitation.

According to medical consultants, Ms. Sink could do sedentary work with postural limitations.[25]  The ALJ adopted the limitations in defining Ms. Sink's ability to work.  Evidence about the left knee supports the ALJ's determination.

**Evidence about the left arm establishes no impairment**.  Ms. Sink complains about left-arm numbness and pain she attributes to a dead upper arm bone, but she sought no treatment for that complaint until after her hearing.[26]  When she sought treatment, diagnostic imaging showed a lesion in the upper arm bone; the radiologist characterized the lesion as a "likely benign incidental finding."[27]  The descriptor "likely benign" establishes no medical impairment.  A nerve conduction study showed mild

---

[23]*Id*. at p. 334.

[24]*Id*. at p. 340.

[25]*Id*. at pp. 312-14 & 322.

[26]*Id*. at p. 351 (nine days after hearing).

[27]*Id*. at p. 350.

median neuropathy consistent with carpal tunnel entrapment.[28]  The descriptor "mild"
suggests no disabling limitation.

One year earlier, the orthopedist found no muscle atrophy or tenderness in the
left arm.[29]  The lack of negative medical findings and the lack of medical treatment
contradict Ms. Sink's allegation of disabling pain and limitation in the left arm.  It also
weighs against her credibility.  A reasonable mind would accept the evidence about the
left arm as adequate to support the ALJ's decision because it shows no impairment.

**Inconsistencies support the ALJ's credibility evaluation.**  "The ALJ may
discredit a claimant based on inconsistencies in the evidence."[30]  Ms. Sink says the ALJ
discounted her allegations by selectively considering the evidence, but the record does
not bear that out.  Ms. Sink claims disabling pain and limitation, but she sought no
treatment, despite having medical insurance.  The inconsistency between Ms. Sink's
allegations and her efforts to obtain treatment support the ALJ's credibility evaluation.[31]

---

[28]*Id*. at p. 347.

[29]*Id*. at p. 306.

[30]*Partee v. Astrue*, 638 F.3d 860, 865 (8th Cir. 2011).

[31]*Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997) (failing to seek medical
assistance for alleged physical and mental impairments contradicted claimant's
allegations of disabling conditions and supported unfavorable decision); *Ostronski v.
Chater*, 94 F.3d 413, 419 (8th Cir. 1996) (complaints of disabling pain and functional
limitations are inconsistent with the failure to take prescription pain medication or to
seek regular medical treatment for symptoms).

The ALJ generated the most probative evidence.  The ALJ first ordered a general physical exam.[32]  The general examiner reported moderate to severe limitations based on the knees and left arm.[33]  The ALJ responded by ordering an orthopedic exam and diagnostic imaging.[34]  The imaging showed a normal upper arm bone and moderately severe arthritis in the left knee.[35]  Ms. Sink says the ALJ should have obtained the imaging reports, but the orthopedic examiner described the diagnostic findings in sufficient detail.  No serious question exists about whether ALJ fully and fairly developed the record.[36]

Ms. Sink walked normally; she got on and off the examination table without difficulty.  She could not squat, but sedentary work does not require squatting.  Both examiners reported Ms. Sink's limitations.  No reason existed for medical source statements.[37]  Medical findings suggest no serious functional limitation preventing

---

[32]SSA record at p. 298.

[33]*Id.* at p. 302.

[34]*Id.* at p. 305.

[35]*Id.* at p. 306.

[36]*Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974) (ALJ has duty to fairly and fully develop the record as to matters at issue).

[37]*Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) (duty to re-contact physician for clarification arises only if crucial issue is undeveloped); *Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) ("An ALJ should recontact a treating or consulting physician if a critical issue is undeveloped.").

sedentary work.  The inconsistency between Ms. Sink's allegations and the medical

evidence supports the credibility evaluation.

**Vocational evidence supports the decision**.  The ALJ asked a vocational expert

whether a person with Ms. Sink's ability to work could perform any of her past work.

The vocational expert identified her past work as a telephone collector.[38]  A person who

can do her past work is not disabled under social security law.[39]

The vocational expert identified other jobs for a person with her ability to work

— clerical clerk, like an addressing clerk; counter clerk like a storage facility clerk; and

general office clerk, like fingerprint clerk.[40]  These jobs show work exists that Ms. Sink

could do, regardless of whether such work exists where she lives, whether a job vacancy

exists, or whether she would be hired if she applied for work.[41]

### Conclusion and Recommendation

Substantial evidence supports the ALJ's decision, because a reasonable mind

would accept the evidence as adequate to show Ms. Sink could still do her past work, in

spite of her impairments.  The evidence shows no serious functional limitation

---

[38]SSA record at pp. 56-57.

[39]20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("If you can still do your past relevant work, we will find that you are not disabled.").

[40]SSA record at pp. 56-57.

[41]42 U.S.C. § 1382c(a)(3)(B) (defining disability).

preventing sedentary work.  The ALJ made no legal error.  For these reasons, the

undersigned magistrate judge recommends DENYING Ms. Sink's request for relief

(docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 29th day of July, 2015.

_____

UNITED STATES MAGISTRATE JUDGE